IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| THE PETERSON COMPANIES, et. al., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> CITY OF KANSAS CITY, MISSOURI, et. al., ) <br> ) <br> Defendants. ) | Case No. 4:17-cv-00473 |

## MOTION FOR RELIEF FROM JUDGMENT OR ORDER AND/OR TO ALTER OR AMEND JUDGMENT

**COME NOW**, the Plaintiffs in the above captioned cause, by and through their attorneys, James Kessinger, Luke Demaree and the Kessinger Law Firm, P.C., pursuant to Rules 59(e) and 60(a-b) for Plaintiff's Motion, for relief from judgment and/or to alter or amend judgment (Doc 77), and in support Plaintiffs sate as follows:

1. On March 21, 2019, the Court entered the Court's judgment on Defendant City of Kansas City motion for summary judgment (Doc 77), based on principals of res-judicata.

2. Particularly relevant to the present motion, the Court found that res-judicata would apply if Plaintiff's were not "members" of Heartland Apartment Association on February 2017, thus rolling Plaintiffs into the class of Plaintiffs in the underlying state court judgment and satisfying the final element to apply claim preclusion from the state court judgment.

3. Plaintiffs asserted that Plaintiffs were not part of the class because Plaintiffs continued to receive payments, while Defendant asserted that Plaintiffs were part of the class because Plaintiffs were no longer members.

4. The Court's judgement on this issue is in error in that the Court's judgment is <u>not</u> based upon the final class certification, which was amended to conform to the pleadings under Missouri Supreme Court Rule 52.08(c)(1). (Exhibit 1, *compare* pg2, ¶1 Findings of Fact – excluding <u>members</u> of HAA as of February 27, 2015, *to* Exhibit 1, pgs 19-20, ¶109 Conclusions of Law, which "conform the class definition to the evidence at trial" to define the class as the broader group of all owners "eligible to receive rebate payments from the settlement between the City and the Heartland Apartment Association").

5. The reason for the trial court amending its judgment to conform to the evidence is that in the trial court's findings, the trial court specifically relied upon the fact that the City was negotiating and continuing to provide trash rebate payments to HAA members (¶¶61-62), while stopping rebate payments to all other buildings with seven or more units (¶76); and that the City settled with the HAA for political reasons—the City was responding to economically and politically prominent Kansas City residents who desired to keep the rebate for themselves—and when doing so, left people like Dennis Walker, one of the Class Representatives, out in the cold. (¶87).

6. As owners eligible to receive rebate payments from the settlement between the City and HAA, Plaintiffs are specifically excluded from the class of Plaintiffs in the *Sophian Plaza* judgment, and Plaintiffs, who are attacked in the judgment language, cannot be said to be the same parties or their privies in the *Sophian Plaza* judgment.

7. The Court's judgment on this issue stands in error and must be amended to find that Plaintiffs were not a part of the *Sophian Plaza* class.

8. Assuming the Court does not amend the Court's judgment on Plaintiffs' §1983 claims, the sole reinstated and remaining claim(s) would sound in contract and would be better

adjudicated in state court in Plaintiffs' pending contempt action filed in Platte County, Missouri, case no. 18AE-CC00410.

9. Justice, equity, and judicial economy will be served by the Court amending the Court's judgment to find that Plaintiffs were not a part of the *Sophian Plaza* class; to reinstate Plaintiffs' contract claims; and for the Court's order of remand to consolidate the case with Plaintiffs' pending state court action, which is filed on very similar issues and facts.

WHEREFORE Plaintiffs pray for the Court to enter the Court's order(s) altering or amending the Court's judgment, or granting Plaintiffs relief from the Court's judgment (doc 77) to find that Plaintiffs were not a part of the *Sophian Plaza* class; to reinstate Plaintiffs' contract claims; and for the Court's order of remand to consolidate the case with Plaintiffs' pending state court action, filed in Platte County, Missouri, case no. 18AE-CC00410; and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,
KESSINGER LAW FIRM, P.C.
By: __/s/ Luke Demaree_____
200 NW Englewood, Ste. B
Kansas City, MO 64118
(816) 436-0707 – Office
(816) 436-1380 -- Fax
James Kessinger   #42808
Luke Demaree    #54056
jak4law@kc.rr.com
lad4law@kc.rr.com
ATTORNEYS FOR PLAINTIFFS

Certificate of Service:

Take Notice that each of the Defendants in this matter were served on this 4th day of April 2019, by the Court's electronic service system, and by e-mail to Tara.Kelly@kcmo.org

__/s/ Luke Demaree_____